UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Edward Wilson, | Case No. 23-cv-3673 (ECT/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota; and Ramsey County Detention Center, all staff, | |
| Defendants. | |

---

In an Order dated January 9, 2024, this Court directed pro se Plaintiff Edward Wilson to pay an initial partial filing fee of $27.50, consistent with 28 U.S.C. § 1915(b). (Doc. 8.) Mr. Wilson was given 21 days in which to pay the required initial partial filing fee, and the Court cautioned that if he failed to do so, the Court would recommend that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Mr. Wilson has not paid the required initial partial filing fee. Accordingly, this Court now recommends, consistent with the warning previously given to Mr. Wilson, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Wewerka v. Roper*, 431 F. App'x 517, 517 (8th Cir. 2011) (per curiam) (affirming dismissal without prejudice pursuant to Rule 41(b) following

prisoner's failure to pay initial partial filing fee). Mr. Wilson's pending motions may be denied as moot should this matter be dismissed for failure to prosecute.[1]

## RECOMMENDATION

Based on all the files, records, and proceedings in this case, **IT IS RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute;

2. Plaintiff Edward Wilson's pending Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) be **DENIED AS MOOT**; and

3. Plaintiff's Motion to Access Grievances History (Doc. 9) be **DENIED AS MOOT**.

Dated: February 22, 2024                    *s/Douglas L. Micko*
                                            DOUGLAS L. MICKO
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[1] This Court received a motion from Mr. Wilson, dated January 5, 2024 but docketed January 16, 2024, in which Mr. Wilson asks for access to his grievance history. (Doc. 9.) The Court notes that Mr. Wilson has made similar requests for access to his grievance history in a number of other lawsuits he has pending in this District. *See, e.g., Wilson v. Ramsey Cty. ADC Jail et al.*, 23-cv-1990 (JWB/DLM) (Doc. 19); *Wilson v. Ramsey Cty. ADC Jail et al.*, 23-cv-1991 (JRT/JFD) (Doc. 17); *Wilson v. Ramsey Cty. ADC Jail et al.*, 23-cv-1992 (WMW/TNL) (Doc. 29); *Wilson v. Ramsey Cty. ADC Jail et al.*, 23-cv-1993 (Doc. 18); *Wilson v. Ramsey Cty. ADC Jail et al.*, 23-cv-1994 (Doc. 34); *Wilson v. Ramsey Cty. ADC Jail et al.*, 23-cv-1995 (Doc. 22). In the motion for access filed in the instant matter, Mr. Wilson states that his complaint in this case was "regarding my other cases," an apparent reference to the several other actions Mr. Wilson has pending in this District, and that he "wasn't trying to file another case," presumably referring to the initiation of this lawsuit. (*Id.*)

3

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).